IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**STEVEN GLENN JOHNSON,**

        **Petitioner,**

**v.**                                  **Civil Action No. 1:12cv1**
                                            **(Judge Keeley)**

**TIMOTHY STEWART, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On January 4, 2012, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. On January 17, 2012, he paid the $5.00 filing fee in lieu of submitting an application to proceed *in forma pauperis*. Accordingly, this case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 2.

### II. PETITION

In the petition, the petitioner, a federal inmate, complains that he is being unlawfully detained in the Secured Housing Unit ("SHU") at FCI Morgantown in violation of his due process rights. More specifically, he alleges that on December 8, 2011, he was handcuffed and placed in the SHU, and as of January 1, 2012, had not been charged with an offense or cited for a violation of prison rules nor has he been served with the required Administrative Detention order. In addition, he alleges that his confinement in the SHU amounts to cruel and unusual punishment. Specifically, he alleges that he: (1) has been denied normal phone calls with his family and email communication;

1

(2) was denied a furlough to attend his father's funeral and/or help his family members mourn over the Christmas holidays; (3) has had his legal papers, research and case materials regarding his appeal and other pending cases unlawfully searched and seized; (4) has had his repeated requests for access to the law library in the SHU ignored, and BOP officials have removed or edited statutes, codes, and regulations on the computer; (5) has been deprived of personal property without inventory, including a wedding picture of his wife, $30 of commissary food items used to regulate his Type 1 Diabetes, a prosthetic tooth, and sunglasses; and (6) has been subjected to substandard living conditions in light of his Type 1 diabetic condition and related health complications. For relief, the petitioner seeks an order restoring all of his privileges and rights including phone calls, email communication and commissary purchases. In addition, he seeks the return of all of his confiscated legal work and the return of his personal items or compensation for those items. The petitioner also seeks some kind of deterrent or sanction against the BOP staff to prevent a repeat of his subjection to cruel and unusual punishment once he is released from the SHU pursuant to an Order from this Court. Finally, the petitioner asks that his petition be considered a "Bill Qui Timet," because he fears retaliation from officials or more adverse treatment due to BOP officials' insensitive reaction toward his fragile Type I Diabetic condition.

### III. Analysis

A section 2241 petition is used to attack the manner in which the sentence is executed. See 28 U.S.C. § 2241. More specifically, a section 2241 petition is appropriate where a prisoner challenges the fact or duration of his confinement but not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

Here, the petitioner primarily complains about the conditions of his confinement.[1] Specifically, his claim relates to where and how he is being housed within the Bureau of Prisons. This claim is not an attack on, nor is it related in any way to, the execution of the petitioner's sentence. Thus, it is clear that the petitioner's claims regarding the conditions of his confinement should have been raised pursuant to a civil rights complaint. Preiser at 499-500 (a civil rights action is the proper remedy for a prisoner challenging the conditions of his prison life). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the petitioner's § 2241 petition (Doc. 1) be **DENIED and DISMISSED** without prejudice to his right to file his claims as a civil rights action..

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the

---

[1] It would appear that the petitioner's confinement in the SHU resulted from his committing an alleged prohibited act. Although the petitioner complains that he has not been cited for a violation or prison rules nor been served with the required Administrative Detention order, the same does not amount to a due process violation. Although an incident report is ordinarily delivered to a prisoner within twenty-four hours, nothing in the BOP regulations mandates delivery within twenty-four hours. Furthermore, prison disciplinary proceedings are not criminal prosecutions, and prisoners do not enjoy "the full panoply of due process rights due a defendant in such [criminal] proceedings. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Where, as here, a prison disciplinary hearing may result in the loss of good time credit, Wolff holds that due process requires certain procedural safeguards. However, as of yet, the petitioner has not lost had his Disciplinary Hearing, and accordingly, Wolff does not apply.

recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as reflected on the docket sheet.

Dated: January 19, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE