```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**STEVEN GLEN JOHNSON,**

    **Petitioner,**

**v.**　　　　　　　　　　//　　　　**CIVIL ACTION NO. 1:12CV1**
　　　　　　　　　　　　　　　　　　**(Judge Keeley)**

**TIMOTHY STEWART, Warden,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 4, 2012, the pro se petitioner, inmate Steven Glenn Johnson ("Johnson"), filed a petition pursuant to 28 U.S.C. § 2241 (dkt. no. 1) alleging that he is being subjected to cruel and unusual punishment, due process violations, and substandard living conditions at FCI Morgantown. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2.

Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R") on January 19, 2012, in which he recommended the petitioner's § 2241 petition be denied and dismissed without prejudice. (Dkt. No. 9). Specifically, Magistrate Judge Kaull determined that Johnson's petition challenges the conditions of his confinement, not the execution of his sentence, and as such raises claims that should have been brought in a civil rights complaint.

Johnson filed objections to the R&R on January 31, 2012. In essence, Johnson argues that Magistrate Judge Kaull has misconstrued his petition and that his claims are properly brought

**JOHNSON V. STEWART**  1:12CV1

## ORDER ADOPTING REPORT AND RECOMMENDATION

under § 2241. After conducting a de novo review, the Court concludes that these objections are without merit.

A petition for a writ of habeas corpus under § 2241 is the proper method to challenge the execution of a federal sentence. United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (citing In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (en banc)). A civil rights action, however, is the proper vehicle to challenge "the conditions of [a prisoner's] prison life, but not [] the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); see also Warman v. Philips, No. 1:08CV217, 2009 WL 2705833, at *3 (N.D. W. Va. Aug. 25, 2009) (holding that it is well established that a § 2241 petition "may not be used to challenge [an] inmate's conditions of confinement").

Here, Johnson is not entitled to relief under § 2241 because he is not challenging the execution of his sentence. Rather, he challenges the specific conditions of his confinement, including (1) denial of telephone privileges, (2) denial of furlough, (3) denial of legal mail/effects, (4) denial of access to law library, and (5) denial of proper medical care. Such claims are not cognizable in a § 2241 proceeding and should have been brought in a civil rights action. As such, the Court **OVERRULES** Johnson's objections.

For the reasons discussed, the Court:

2

**JOHNSON V. STEWART**                                                               **1:12CV1**

### ORDER ADOPTING REPORT AND RECOMMENDATION

1. **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 9);

2. **DENIES** Johnson's § 2241 petition (dkt. no. 1); and

3. **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket of this Court.

If the petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: May 3, 2012.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE